UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. CR-1-01-039-002 |
| | : | |
| | : | J. Beckwith |
| | : | Chief U.S. District Court Judge |
| vs. | : | |
| | : | UNITED STATES' RESPONSE |
| | : | TO DEFENDANT'S MOTION |
| **STANSON R. HEMPHILL** | : | FOR DISTRICT COURT TO |
| | : | ESTABLISH RESTITUTION |
| | : | PAYMENT SCHEDULE |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

In defendant Stanson R. Hemphill's motion, he challenges the total amount of restitution apportioned to him. He also requests that this Court establish a restitution payment schedule based solely upon the income he receives from his employment while incarcerated. For the reasons stated below, the United States respectfully requests that defendant's motion to establish restitution payment schedule be denied.

### MEMORANDUM

First, the amount of restitution is $27,400.00. This Court held that this defendant was jointly and severally liable along with the other co-defendants and un-indicted conspirator in this case. ( See Judgement and Commitment Order, p.3) In essence, all of the wrongdoers in this matter are liable for the full amount, with the understanding that the victim will not recover more than the established amount of restitution. The United States firmly supports the Courts finding with respect to this issue.[1] Given that

---

[1] "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may

there was a conspiracy involved in this case and that the loss to the victim was a foreseeable consequence to all of the participants in the conspiracy, we see no abuse of discretion on the part of the District Judge in making the defendants jointly and severally liable for the payment of the restitution ordered.[2]

Secondly, the defendant asserts that only the income he receives through his employment should be applied towards restitution. We disagree. We submit that all of the defendant's resources should be taken into consideration when determining his restitution payment schedule. The defendant should be required to budget and practice fiscal responsibility just as he would if he were not incarcerated.

The United States recognizes that the Inmate Financial Responsibility Program (IFRP) is a work program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated. In doing so, the IFRP encourages the development of responsibility within the inmates, while at the same time providing them an incentive to remain employed within the correctional facility.

The United States is in favor of this Court allowing the Bureau of Prisons (BOP) to establish a restitution payment schedule through the IFRP. Such a decision would

---

apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. §3664(h).

[2] Defendant did not file a written objection to paragraph 107 of the presentence investigation report nor did the defendant raise an objection to the restitution order at the time of sentencing.

2

not result in an improper delegation of authority to the BOP.  See <u>Weinberger v. United States</u>, 268 F.3d 346 (6th Cir. 2001).

      When an inmate has a financial obligation, unit staff assist that inmate in developing a financial plan and they actively monitor the inmates progress in meeting that obligation.  The "formula" used by the unit staff in the IFRP allows for flexibility in determining the restitution amount.[3]  Thus, unit staff appear to be in the best position to assess the defendant's ability and commitment to fulfill his financial obligations

      As such, the United States contends that a financial plan established through the IFRP is reasonable given the defendant's circumstances.

---

[3] When a unit team member reviews an inmates financial plan, the following is taken into consideration:
    1) The total amount of the funds deposited into the inmate's trust fund account for the previous six (6) months;
    2) The IFRP payments made by the inmate during the previous six months are subtracted;
    3) $450.00 is subtracted as well.  ( $75.00 x 6 months for Inmate Telephone System (ITS) exclusion.
    The remaining money in the inmate's trust fund account may be considered for IFRP payments.

## IV. CONCLUSION

**WHEREFORE,** for the reasons stated herein above, the defendant's motion to establish restitution payment schedule should be denied.

        Respectfully submitted,

        **GREGORY G. LOCKHART**
        **United States Attorney**

        **s/Anthony Springer**
        **ANTHONY SPRINGER (0067716)**
        **Assistant United States Attorney**
        **Attorney for Plaintiff**
        **221 East Fourth Street, Suite 400**
        **Cincinnati, Ohio 45202**
        **(513) 684-3711**
        **Fax: (513) 684-2047**
        **Anthony.Springer @usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Stanson R. Hemphill # 03429-061, U.S.P. - Big Sandy, P.O. Box 2068, Inez, KY 41224 by regular U.S. Mail, on the 24th day of January, 2005.

        **s/Anthony Springer**
        **ANTHONY SPRINGER (0067716)**
        **Assistant United States Attorney**