FILED
KENNETH J. MURPHY
CLERK

02 JAN 29 PM 12: 16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America, )
                          )
           Plaintiff,     )   Case No. CR-1-01-039-002
                          )
     vs.                  )
                          )   USA#:  2001R00489
Stanson R. Hemphill,      )
SSN: 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          )
DOB: 9/4/80               )
L/A: Hamilton County Justice Center
     100 Sycamore Street
     Cinti, OH  45202
PER PSI

PSI/083

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

The Defendant appeared with counsel, David B. Snyder, before this Court for sentencing on January 29, 2002.

The Defendant has been found guilty on Counts 1, 2 and 3 of the Indictment. Accordingly, the Defendant is adjudged **GUILTY** of:

**COUNT 1: CONSPIRACY TO COMMIT ARMED BANK ROBBERY**, in violation of Title 18, Section 371 of the United States Code;

**COUNT 2:  BANK ROBBERY AND ASSAULT** in violation of Title 18, Sections 2113(a) & (d) of the United States Code;

**COUNT 3: BRANDISHING OF A FIREARM DURING THE COMMISSION OF A CRIME OF VIOLENCE** in violation of Title 18, Section 924(c)(1)(A)(ii) of the United States Code;

The Defendant is sentenced as provided in pages 1 through 6 of this Judgment pursuant to the Sentencing Reform Act of 1984 and the United States Sentencing Guidelines ("U.S.S.G.") as follows:

The Defendant is hereby sentenced to a term of imprisonment of **SIXTY (60) MONTHS** on **COUNT 1** and **EIGHTY-SEVEN (87) MONTHS** on **COUNT 2**, to run concurrently. The Defendant is hereby sentenced to a term of imprisonment of **EIGHTY-FOUR (84) MONTHS** on **COUNT 3**, to run consecutive to **COUNTS 1 AND 2**.

Upon the conclusion of the sentence of imprisonment, the Defendant shall serve term of **THREE (3) YEARS** of supervised release on **COUNTS 1 AND 3**, to run concurrently, and **FIVE (5) YEARS** of supervised release on **COUNT 2**, to run concurrently with **COUNTS 1 AND 3**.



During the term of supervised release, the Defendant shall be subject to the following standard conditions of supervised release for the Southern District of Ohio:

(1) the Defendant shall not commit another federal, state, or local crime;

(2) the Defendant shall not leave this judicial district without permission of the Court or probation officer;

(3) the Defendant shall report to the probation officer as directed by the probation officer or the Court and shall submit a truthful and complete written report within the first five days of each month;

(4) the Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(5) the Defendant shall meet family responsibilities;

(6) the Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(7) the Defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

(8) the Defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(9) the Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(10) the Defendant shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(11) the Defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of

any contraband observed in plain view by the probation officer;

(12) the Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(13) the Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

(14) the Defendant shall notify third parties of risks that may be occasioned by the Defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement;

In addition to the standard conditions of supervised release, the following special conditions shall apply:

(1) the Defendant shall obey all federal, state, and local laws;

(2) the Defendant shall not own a firearm or other dangerous device;

(3) the Defendant shall not possess a controlled substance, and must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter;

(4) the Defendant shall not open any new lines of credit without the permission of his probation officer and, upon request, submit to his probation officer any financial information requested;

(5) the Defendant will participate in anger management counseling at the direction of the probation officer.

The Defendant shall pay immediately restitution of $27,400, jointly and severally with the other co-defendants and unindicted conspirators in this case. If the Defendant is unable to pay restitutions immediately, he may do so through the Bureau of Prisons Inmate Financial Responsibility Program.

The Defendant shall pay a $300 special assessment immediately.

REASONS FOR SENTENCE

Pursuant to Title 18 U.S.C. § 3553 and by a preponderance of the evidence, the Court makes the following findings significant to the imposition of the sentence:

   The Defendant is guilty of violation 18 U.S.C. § 371, and is, therefore, subject to a maximum sentence of five years imprisonment, a $250,000 fine, restitution, three years of supervised release, and a mandatory $100 special assessment;

   The Defendant is guilty of violating 18 U.S.C. §§ 2113(a) and (d), and is, therefore, subject to a maximum sentence of twenty-five years imprisonment, a maximum fine of $250,000, restitution, up to five years of supervised release, and a mandatory $100 special assessment;

   The Defendant is guilty of violating 18 U.S.C. § 924(c)(1)(A)(ii), and is, therefore, subject to a mandatory term of seven years of imprisonment consecutive to any other term of imprisonment, a maximum fine of $250,000, restitution, up to three years of supervised release, and a mandatory $100 special assessment; in all other respects, the United States Sentencing Guidelines control the calculation of sentence in this case;

   Counts 1 & 2

   Counts 1 & 2 are grouped together pursuant to U.S.S.G. § 3D1.2(b).

   Pursuant to U.S.S.G. § 2B3.1(a), the base offense level for robbery is 20;

   Since the property of a financial institution was the object of the offense, pursuant to U.S.S.G. § 2B3.1(b)(1), the base offense level is increased by 2 levels;

   The loss in this case was $27,400. Because the loss was greater than $10,000 but less than $50,000, pursuant to U.S.S.G. § 2B3.1(b)(7)(B) there is a one-level increase in the offense level;

   The final offense level for Counts 1 and 2 is 23.


   Count 3

   The sentencing guideline for a violation of 18 U.S.C. § 924(c) can be found at U.S.S.G. § 2K2.4. According to U.S.S.G. § 2K2.4(a)(2), the sentence for a violation of 18 U.S.C. § 924(c) is the term of imprisonment required by

statute. Pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), the sentence to be imposed for a conviction for brandishing a firearm during a crime of violence is a term of imprisonment of seven years to be served consecutive to any other term of imprisonment.

The Defendant has 9 points for his prior criminal history, placing him in criminal history category IV;

The Sentencing Guidelines establish a range of seventy (70) to eighty-seven (87) months of imprisonment based on a total combined offense level of 23 and a criminal history category of IV;

U.S.S.G. § 5D1.1(a) requires the Court to impose a term of supervised release when a term of imprisonment of one year or more is imposed; when a defendant is convicted of a Class B felony, U.S.S.G. 5D1.2(a)(1) requires the Court to impose a term of supervised release of at least three years but not more than five years; when a defendant is convicted of a Class D felony, U.S.S.G. § 5D1.a(2) requires the Court to impose a term of supervised release of at least two years but not more than three years.

The Defendant's imprisonment range falls within Zone D of the Sentencing Table; pursuant to U.S.S.G. § 5C1.1(f) the minimum term shall be satisfied by a sentence of imprisonment;

A maximum fine of $250,000 is applicable by statute; pursuant to Application Note 5 of U.S.S.G. § 2K2.4 and U.S.S.G. § 5E1.2(c)(3), the fine range for the Defendant's offense is $12,500 to $100,000; pursuant to U.S.S.G. §5E1.2(f), the Court finds that the Defendant is not able to pay a fine in the range prescribed by the Guidelines;

Accordingly, the Court waives the fine;

The Defendant is ordered to pay immediately restitution of $27,400.00 to the First National Bank of Southwestern Ohio, 300 High St., Hamilton, Ohio 45011, Attn. Security Department.

The Defendant shall be ordered to pay immediately a $300 special assessment in accordance with U.S.S.G. §5E1.3;

There are no objections to the presentence investigation report.

The Defendant is hereby notified that he has a right to appeal this sentence, and if he is unable to pay the cost of an appeal,

he has the right to apply to this Court for leave to proceed <u>in forma pauperis</u>. If he is indigent and cannot retain a lawyer, he may apply, and one will be appointed to represent him in his appeal.

The Defendant is further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, he must file his notice of appeal with the Clerk of the United States District Court within 10 days of the filing of this judgment, which will be filed on January 29, 2002. Therefore, the Defendant must file his notice of appeal on or before February 8, 2002. The Defendant is also advised that if he so requests, the Clerk of this Court will prepare and file forthwith a notice of appeal on his behalf.

_____
Sandra S. Beckwith
United States District Judge

1-29-02
_____
Date

R E T U R N

I have executed this Judgment as follows:

_____

_____

_____

_____ Defendant

delivered on _____ to _____

_____ at _____, with a

certified copy of this judgment.

                                                _____

                                                United States Marshal

                                                By_____

                                                    Deputy Marshal