UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | |
| | | |
| v. | : | Case No.   1:01-cr-39-2 |
| | | |
| STANSON HEMPHILL, | : | |
|     Defendant | : | |

# ORDER

This matter comes before the Court upon Defendant Stanson Hemphill's request to allocate the restitution in this matter among the four defendants and an unindicted co-conspirator and to establish a schedule for his payments toward restitution (Doc. No. 101).  The government has responded (Doc. No. 102).

Pursuant to the provisions of the Mandatory Victim Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3664(h), et seq., courts have the authority to apportion liability among co-defendants or require joint and several liability for restitution. This Court, as a general policy, believes that imposition of joint and several liability among co-defendants is the best way to ensure payment of restitution to innocent victims.  Where defendants are equally culpable, none should be exempt from the potential burden of making full restitution.  There is nothing to distinguish Defendant Hemphill's situation from his co-defendants nor anything to

suggest that this Court's standard practice represents an unjust or unfair burden upon him. The Court notes that the victim is only entitled to be reimbursed actual loss that he suffered. There will not be multiple recoveries from multiple defendants. The total collected will not exceed the amount of the victim's loss. This request is DENIED.

With regard to the establishment of a payment schedule for defendant's restitution obligation, the Court GRANTS Hemphill's request and adopts the following:

> Having assessed the Defendant's financial ability to pay, the Court hereby **ORDERS** that the Defendant pay the total criminal monetary penalties as follows, to the extent that they are not paid immediately: While incarcerated, the Defendant shall pay quarterly installments of $25.00 if he is working in a non-UNICOR or grade 5 UNICOR job; if he is working in a grade 1-4 UNICOR job, the Defendant shall pay 50% of his monthly pay during the period of incarceration until the fine is paid in full; any balance due upon the commencement of supervision shall be paid in the sum of $10.00 per month, commencing 30 days after Defendant's release from imprisonment. The Court will review Defendant's ability to make payments toward restitution from time to time upon the recommendation of Defendant's probation officer or upon Defendant's motion for review and reconsideration.

Defendant's request is, therefore, DENIED in part and GRANTED in part.

    **IT IS SO ORDERED**.

DATE: <u>March 28, 2005</u>             <u>/s/Sandra S. Beckwith</u>
                                                                Sandra S. Beckwith, Chief Judge
                                                                United States District Court