IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Stanson R. Hemphill,            )
                                )
            Petitioner,         )   Case No. 1:01-CR-39(2)
                                )             1:04-CV-351
    vs.                         )
                                )
United States of America,       )
                                )
            Respondent.         )

Memorandum and Order

This matter is before the Court upon Petitioner Hemphill's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence on the ground that defense counsel was ineffective at trial in violation of Petitioner's Sixth Amendment right to a fair trial. Petitioner asserts that his counsel's failures prejudiced the outcome of his trial and that he is entitled to relief from the judgment imposed by this Court on that basis.

In June 2001, a grand jury sitting in this district indicted Petitioner, Richard Depew, and Douglas Brown with one count of conspiracy to commit armed bank robbery and one count of armed bank robbery. The indictment also charged Petitioner and Richard Depew with brandishing a firearm during a crime of violence. The grand jury included citations to the aiding and abetting statute, 18 U.S.C. § 2, in the armed robbery and the firearm counts.

One day after the grand jury returned the indictment, the United States Attorney filed a one-count information against Jessica Witt, charging her with conspiracy to commit armed bank robbery in connection with the May 2001 robbery of the First Federal Bank of Southwestern Ohio, which was also the genesis of the charges against Petitioner, Depew, and Brown.  Ms. Witt pled guilty to the information on July 3, 2001.

On July 23, 2001, Douglas Brown pled guilty to aiding and abetting bank robbery.  On July 30, 2001, Richard Depew pled guilty to conspiracy to commit armed bank robbery and armed bank robbery.  Witt, Brown, and Depew testified at the Petitioner's trial beginning on October 15, 2001.

At the conclusion of that trial the jury found Petitioner guilty on all three counts.  In January 2002, this Court sentenced Petitioner to 60 months on the conspiracy count and 87 months on the bank robbery count, to run concurrently, and 84 months on the firearm count, to run consecutively to the other terms.  Petitioner appealed his convictions and sentences, and the Court of Appeals affirmed.  Nine months later, Petitioner filed the present motion.

The bases for Petitioner's request for relief under § 2255 are four asserted failures by his defense counsel, which are briefly summarized as follows.  First, Petitioner contends that his counsel failed to object to the Court's constructive

amendment of the indictment in its jury instructions by broadening the scope of the alternative aiding and abetting charges and that counsel further erred by failing to move for a judgment of acquittal on the same basis.  He next contends that his counsel erred by failing to call alibi witness Robin Hicks and Petitioner himself in support of the only defense he offered, which was an alibi defense.  The third asserted error is defense counsel's failure to object to certain evidence introduced under Rule 404(b) of the Federal Rules of Civil Procedure and, with respect to the same and related evidence, defense counsel's failure to ask the Court for a limiting instruction advising the jury of the purpose for which the evidence could be considered.  Finally, Petitioner bases his ineffective assistance of counsel claim upon his defense counsel's failure to object to a variance between the evidence presented at trial and the language of the indictment and to move for a mistrial on the basis of that variance.  The variance in question relates to the serial number on the firearm introduced by the United States at trial.  That number differed from the serial number alleged in the indictment.

      To prevail on his claim, Petitioner must meet the well-known standard that (1) his "counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different."  Campbell v.

United States, 364 F.3d 727, 730 (6th Cir. 2004)(citing Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)), cert. denied, ___ U.S. ___, 125 S.Ct. 987 (2005).  "The objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003).  The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. 668, 694 (1984).  The Strickland court further stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Id. at 686.

To satisfy the first Strickland requirement, Petitioner must establish that his counsel's performance "'fell below an objective standard of reasonableness' as measured by 'prevailing professional norms.'"  Tinsley v. Million, 399 F.3d 796, 802 (6th Cir. 2005)(quoting Strickland, 466 U.S. at 687-88).  A failure to object to the introduction of testimony does not fall below an objective standard of reasonableness unless the testimony actually had the effect or the likely effect of depriving Petitioner of a fair trial.  See Anderson v. United States, 246

F. Supp.2d 758, 762 (E.D. Mich. 2003)(cited with approval in <u>Reed v. United States</u>, No. 03-1556, 2005 WL 1312270, *4 (6th Cir. May 13, 2005)).

If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court may deny the motion. 28 U.S.C. §2255. If, on the other hand, the Court cannot conclusively resolve the issues raised by the petitioner by reference to the motion, the case files, and the records, the Court must conduct a prompt hearing on the petitioner's motion. <u>See id</u>. If, at the conclusion of such hearing,

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

<u>Id</u>.

Two of the bases asserted by Petitioner for his ineffective assistance of counsel claim merit little discussion. Those two are his counsel's asserted failure to object to the Court's constructive amendment of the indictment and to seek a judgment of acquittal on the basis of that amendment and

5

counsel's failure to object to the variance between the indictment and the evidence upon which he was convicted and to seek a mistrial on the basis of that variance.

The Court did not constructively amend the indictment at Petitioner's trial. As to both the armed bank robbery count and the firearm count, the grand jury had charged Petitioner with the substantive violation and had added an alternative citation to the aiding and abetting statute without further qualifying the manner in which Petitioner was alleged to have aided and abetted the offense. In its charge to the jury, the Court provided the general aiding and abetting instruction and advised the jury that it could find Petitioner guilty of the charged offense if it found beyond a reasonable doubt that "another person or persons in fact committed the particular offense with which [Petitioner was] charged, and that [Petitioner] willfully participated in its commission."

Petitioner argues at length concerning the standards applicable to a court's amendment of an indictment and distinguishes between constitutionally permissible amendments and those requiring vacatur of a judgment. His arguments are unavailing, however, in the present case in which the Court's charge to the jury did not alter the essential elements of the offenses with which Petitioner was charged in the indictment in any fashion. Petitioner's complaint that the Court's charge

would have permitted the jury to find him guilty of aiding and abetting regardless of whom the jury identified as the principal is meritless in light of the fact that the indictment was no more specific about who would have been the principal if Petitioner was merely an aider and abettor.

In that respect the facts underlying Petitioner's argument are materially distinguishable from those underlying the decision of the Court of Appeals in United States v. Salinas, 601 F.2d 1279 (6th Cir. 1979), upon which Petitioner relies. In that case, the district court permitted the jury to consider whether three defendants were officers or directors of a bank, even though the indictment had charged two only with being directors and the other only with being an officer. See id. at 1290. The Court of Appeals concluded that the district court's charge to the jury amounted to a constructive amendment of the indictment, impermissible under Sirone v. United States, 361 U.S. 212 (1960), and its progeny. Because this Court did not broaden the aiding and abetting charges against Petitioner in this case, it did not impermissibly constructively amend the indictment.

An objection or motion for judgment of acquittal on the ground that the Court had done so would have been unfounded and fruitless. Accordingly, Petitioner's trial counsel did not err by failing to so object or move, and his performance did not, in that respect, "f[a]ll below an objective standard of

7

reasonableness as measured by 'prevailing professional norms.'" Tinsley, 399 F.3d at 802 (quoting Strickland, 466 U.S. at 687-88). Petitioner's § 2255 motion is, therefore, not well-taken to the extent that it is based upon defense counsel's performance with respect to the asserted constructive amendment of the indictment.

Petitioner has also asserted that the variance in the serial number from that alleged in the indictment deprived him of rights guaranteed by the Fifth Amendment and that his counsel was ineffective, in violation of the Sixth Amendment, in failing to object to the variance and to move for a mistrial on that basis. In the context of Petitioner's direct appeal from his conviction and sentence, the Court of Appeals considered whether the variance in question was fatal to the conviction as to the firearm count and concluded that it was not. See United States v. Hemphill, 76 Fed. Appx. 6, 19 (6th Cir. 2003)(citing Simon v. United States, 78 F.2d 454, 455 (6th Cir. 1935)). The basis for the Court's decision in that regard was that the serial number was not a term of the indictment such that its alteration constituted an impermissible amendment or variance. See id. at 18, 19 (quoting United States v. Robinson, 904 F.2d 365, 368 (6th Cir.), cert. denied, 498 U.S. 946 (1990)). Because the variance was not, as a matter of law, impermissible and because it did not relate to an essential element of the offense charged or an

essential term of the indictment, the Court concludes that Petitioner's counsel's failure to object to the asserted variance or to move for a mistrial on the basis thereof did not deprive Petitioner of constitutionally protected rights. The objection and motion would not have been well-taken, and counsel's performance in that regard did not fall below an objective standard of reasonableness. See Tinsley, 399 F.3d at 802. Accordingly, Petitioner cannot satisfy the first prong of the Strickland standard as it pertains to his § 2255 motion to the extent that it is based upon his counsel's failure to object to the variance and his failure to move for a mistrial.

Far more substantial is Petitioner's claim that his counsel was ineffective in failing to present a potential alibi witness and, to a lesser extent, to call Petitioner as a witness. The Court observes that the United States has, in essence, conceded that an evidentiary hearing with respect to this basis for Plaintiff's § 2255 motion is required in that it has suggested that the Court order that the record be supplemented by addition of the affidavit of Petitioner's trial counsel. The Court is persuaded that, while trial counsel may well have concluded that permitting Petitioner to testify would have been imprudent, nothing in the record suggests a basis for counsel's failing to call Robin Hicks in conjunction with the alibi defense that counsel presented. The Court notes that Petitioner has

9

represented that he had informed his counsel before trial that Ms. Hicks was a potential witness in that regard.  The Court finds no basis for the United States' assertion that the decision not to call Ms. Hicks was likely based upon sound trial strategy.  See Strickland, 466 U.S. at 689.  Any presumption that counsel's decision was based upon sound trial strategy is rebutted, to the extent that an evidentiary hearing is required, in light of the uncontradicted representations by Petitioner as to the likely contents of Ms. Hicks' testimony and their tendency to support the alibi defense, which was the sole defense offered by Petitioner at trial.

Petitioner's remaining basis for his § 2255 motion presents another troubling issue.  Petitioner contends that his counsel was ineffective in his performance with respect to evidence admitted under Rule 404(b) relating to events some three and one-half months earlier in which witnesses, two law enforcement officers, found a .45 caliber shell casing, which the United States attempted to connect to Petitioner in order to establish his connection to the firearm brandished in the bank robbery underlying the charges against him.  The Court of Appeals has discussed the testimony of the officers at length, and the Court refers to that court's decision for a summary of the events surrounding the introduction of the evidence upon which Petitioner bases this portion of his ineffective assistance of

counsel claim.  See Hemphill, 76 Fed. Appx. at 9-16.  Petitioner contends that his counsel should have moved to strike the irrelevant and prejudicial testimony and should have requested a cautionary instruction from the Court.  In his reply memorandum in support of his § 2255 motion, Petitioner clarifies that he also contends that his counsel should have asked the Court to engage in the balancing analysis required under United States v. Merriweather, 78 F.3d 1070, 1077 (6th Cir. 1996), with respect to the testimony concerning the shell casing.  He also asserts that counsel should have asked for a limiting instruction with respect to that evidence.  See Merriweather, 78 F.3d at 1077.

The Court agrees that defense counsel's performance was deficient in both asserted respects.  The gratuitous testimony of the law enforcement officers relating to events of January 2001 was particularly prejudicial to Petitioner in that it related to apparent past criminal activity and the use of a firearm.  While counsel objected to the introduction of the testimony, he did not pursue any of the lesser remedies short of exclusion that are addressed in Merriweather, supra.  Had he requested a cautionary instruction regarding the irrelevant testimony of the law enforcement witnesses or an order striking that testimony and instructing the jury to disregard it, the Court would have granted his request.  Had counsel requested a limiting instruction with respect to the relevant testimony relating to

11

the shell casing, the Court would have been obliged to give the instruction.  See id.  The Court is persuaded that counsel's performance fell outside the wide range of reasonable professional conduct in that regard, inasmuch as counsel should have recognized that his errors had the capacity to affect the fairness of Petitioner's trial.  See Mason, 320 F.3d at 617; Anderson, 246 F. Supp.2d at 762.

Petitioner is, nevertheless, not entitled to the relief he requests unless the Court is persuaded that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland, 466 U.S. at 686.  The Court is not able, in this case, to determine, as a matter of law, that Petitioner cannot satisfy that standard.  The Court's task is complicated by the fact that the error in question relates to the firearm, as does the unoffered testimony of Robin Hicks, as Petitioner represents it.  Were the Robin Hicks matter not pending, the Court would be persuaded that, in light of the overwhelming evidence tying Petitioner to the firearm and the overwhelming evidence of his guilt in general, the failure of defense counsel to request limiting instructions and the other asserted failures related to evidence of the events of January 2001 would have been harmless.  The Court's confidence in the trial to have produced a just outcome would not have been undermined.  See Strickland, 466

U.S. at 686. Because of the overlap of the two bases for Petitioner's claim and the potential for the change in the balance of the evidence when the unoffered testimony of Robin Hicks is considered, however, the Court cannot say with confidence that the outcome of the trial was not affected by counsel's errors. Accordingly, the Court must consider the Rule 404(b) basis together with the failure to present witnesses at the hearing on Petitioner's § 2255 motion.

**IT IS THEREFORE ORDERED THAT**

1. Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED** to the extent that it is based upon the asserted ineffective assistance of his trial counsel as it related to the alleged constructive amendment of the indictment and the asserted variance between the indictment and the evidence presented at trial.

2. The Court **DIRECTS** July Duty Magistrate Judge Timothy S. Hogan to appoint counsel to represent Petitioner at the hearing on his § 2255 motion to the extent that it is based upon the asserted ineffectiveness of his trial counsel as it related to the failure to call Robin Hicks and Petitioner as witnesses in support of the alibi

   defense and the introduction of evidence relating to events in January 2001.

3. The Court **DIRECTS** the Clerk to schedule that hearing for a date approximately 90 days after the Magistrate Judge has appointed counsel to represent Petitioner.

```
                          _____/s/_____
                          Sandra S. Beckwith, Chief Judge
                          United States District Court
```