```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

Stanson R. Hemphill,           )
                               )
            Petitioner,        )  Case No. 1:01-CR-39(2)
                               )            1:04-CV-351
    vs.                        )
                               )
United States of America,      )
                               )
            Respondent.        )

                          O R D E R

   This matter came before the Court on March 30, 2006 and April 10, 2006 for an evidentiary hearing on Petitioner Stanson Hemphill's petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence following his convictions for conspiracy to commit armed bank robbery, armed bank robbery, and brandishing a firearm during a crime of violence.  The scope of the evidentiary hearing was limited two issues: 1) whether Petitioner's trial counsel was ineffective for failing to call and/or identify Robin Hicks as a potential alibi witness; and 2) whether trial counsel was ineffective for failing to request a limiting instruction when the Court admitted evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.  The Court makes the following findings of fact and conclusions of law on these issues.

**A. Trial Counsel Was Not Ineffective For Failing to Call or Identify Robin Hicks as a Potential Alibi Witness**

Petitioner claims and testified at the hearing that he informed trial counsel, David Snyder, Esq., that Robin Hicks was a potential alibi witness.  Hicks, a neighbor of Petitioner's, was the owner of a blue Honda CRX that was used during the bank robbery.  According to Petitioner, if called at trial, Hicks would have testified that she never let Petitioner borrow this car.

In contrast, Mr. Snyder testified that Petitioner never informed him that Hicks was a potentially favorable witness.  In fact, Snyder testified, he did not know that Hicks was a potential witness until about a month <u>after</u> the trial, when her name came up in regard to the title on a Buick automobile.  Snyder's testimony was consistent with his contemporaneous case file and working notes.  Included in his case file was a letter from Petitioner dated August 28, 2001 (Gov't Ex. 11) which outlines his alibi.  Although the letter itself and Snyder's notations on the letter identify Billy Garrison and Tanyell Cavanaugh as witnesses, both of whom testified at trial, Petitioner did not identify Robin Hicks as a possible witness.  Counsel's remaining case notes (Gov't Exs. 12-15) contain the names of two other potential witnesses, James Harvey and Toby Palmer.  Counsel testified that he interviewed these witnesses and concluded that they would not be helpful.  Again, however, counsel's notes do not mention Robin Hicks.

2

Finally, Robin Hicks testified on the second day of the hearing.  On direct examination, Hicks testified that she did not know Petitioner very well, but she did admit letting Petitioner borrow her CRX on one unspecified occasion.  On cross-examination, Hicks admitted making a prior statement to the case agents in which she said that Petitioner borrowed the CRX on at least two occasions.

In resolving the conflict in testimony between Petitioner and his trial counsel, the Court credits the testimony of Mr. Snyder.  The Court concludes, therefore, that Petitioner did not identify Robin Hicks to counsel as a potential witness.  Being unaware of Hicks, counsel could not have been ineffective by failing to call her on Petitioner's behalf.  Snyder's hearing testimony was consistent with and bolstered by his contemporaneous case file and case notes.  As just indicated, none of the contents of these documents mentions Robin Hicks.  Particularly revealing is Petitioner's own letter to counsel in which he fails to identify Hicks as a witness.  The record tends to reflect that counsel did a thorough job in the investigatory stage of his representation of Petitioner.  Therefore, the Court believes that had Petitioner even orally informed counsel about Robin Hicks, there would have been some mention of her in counsel's records.  The absence of such a notation indicates that Petitioner did not provide her name to counsel.  Consequently,

trial counsel's performance was not deficient in failing to call a witness of whom he was unaware. Battle v. Delo, 19 F.3d 1547, 1555 (8th Cir. 1994)(trial counsel not ineffective where petitioner did not assist in locating witnesses who would have helped with his defense).

The Court further finds that trial counsel was not ineffective in failing to identify Hicks as the owner of the CRX through other means, or to the extent that counsel might have been ineffective, such error was harmless. If Hicks had testified at trial as she did at the evidentiary hearing, then the jury would have learned that Petitioner had access to the CRX on at least one occasion. Moreover, Hicks would have been subject to impeachment during cross-examination on her prior inconsistent statement that she let Petitioner borrow her car on at least two occasions. Thus, not only would have Hicks' credibility have been severely undermined,[1] the jury would have learned that Petitioner did have access to Hicks's car. Had Hicks' prior inconsistent statement been admitted under Rule 613(b) of the Federal Rules of Evidence, the jury might have inferred that Petitioner's access to Hicks' CRX was relatively unrestricted. In actuality Hicks' testimony would have been at

---

[1] Indeed, Hicks' testimony at the evidentiary hearing was so incredible and so inconsistent with her prior statement, that the Court inquired whether she wanted to withdraw or amend any of her testimony.

least as inculpatory as it was exculpatory because it would have confirmed Petitioner's access to the car.  Thus, the Court concludes that trial counsel's alleged error in failing to identify Robin Hicks as a witness through other means was harmless.

### B. Trial Counsel's Failure to Request a Limiting Instruction Upon the Admission of Evidence Pursuant to Fed. R. Evid. 404(b) was Harmless

In its order of July 20, 2005 denying in part Petitioner's § 2255 petition and setting the remaining issues for an evidentiary hearing, the Court stated:

> Were the Robin Hicks matter not pending, the Court would be persuaded that, in light of the overwhelming evidence tying Petitioner to the firearm and the overwhelming evidence of his guilt in general, the failure of defense counsel to request limiting instructions and the other asserted failures related to evidence of the events of January 2001 would have been harmless.

Doc. No. 104, at 12-13.  Having concluded that trial counsel was not ineffective with regard to the presentation of Robin Hicks as a witness on Petitioner's behalf, the Court affirms its earlier conclusion that counsel's failure to request a limiting instruction was harmless given the overwhelming evidence of Petitioner's guilt.

### Conclusion

For the reasons stated here and in the Court's order of July 20, 2005, Petitioner has not carried his burden of

5

establishing that his trial counsel was constitutionally deficient.  Accordingly, Petitioner's petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is not well-taken and is **DENIED.  THIS MATTER IS CLOSED.**

    **IT IS SO ORDERED**


Date April 21, 2006              s/Sandra S. Beckwith
                                         Sandra S. Beckwith, Chief Judge
                                         United States District Court