UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

Judge S. Beckwith
FILED
JUL 20 2007
JAMES BONINI, Clerk
CINCINNATI, OHIO

| | |
|---|---|
| UNITED STATES : | MOTION TO ESTABLISH MONTHLY PAYMENT |
| V. : | PLAN WHILE EMPLOYED THROUGH THE UNICOR |
| STANSON HEMPHILL : | DEPARTMENT. |
| (petitioner) : | (CASE NO.CR-1-01-039-002) |

---

**ARGUMENT.**

   **COMES NOW,** petitioner, pro se, hereinafter reffered to as Mr.Hemphill on grounds which pertain to the restitution order issued herein this court on January 29,2002. The restitution ordered, was in the sum of $27,400 in the form of a joint payment, which is not to exceed the total amount lost. Mr.Hemphill asserts, that he alone, has contributed $1,184.00 towards the $27,400.00 fine and has never missed a payment. Moreover, the current balance as it pertains to the fine, is $26,216.00 which in a sense, would show that Mr.Hemphill has been taking on the full responsibility of paying on this fine alone, whereas, it is clearly evident that the courts issued an order, which called for a joint payment plan among all defendants sentenced up under the above cited case number. Mr.Hemphill, has also demonstrated a sense of responsibility for he has maintained employment within the Bureau of Prison, as well as, made timely payments towards the fine imposed. In the course of preparing this motion, Mr.Hemphill has never been presented with an overall balance, as it pertains to the payments of the defendants charged herin. Moreover, from this lack of proof that others have been making payments toward the fine imposed, Mr.Hemphill is pursuaded to believe that he has been the only one to make payments as it pertains to above matter.

In no form or fashion, is Mr.Hemphill in attempt to disregard making payments towards the fine imposed for if this was the case, then Mr.Hemphill would had been placed in refusal status, however, his record throughout the duration of his stay in prison, does not relect refusal, for Mr. Hemphill is meeting the ceccessary requirements in relation to making payments on the imposed fine. Furthermore, Mr.Hemphill finds that the Inmate Financial Responsibility Program, is unjust, as it involves a 50% deduction from an inmates earned pay while employed in Unicor. Moreover, Mr.Hemphill is overly aware, that a fine ahs been imposed and that he is among the defendants ordered to pay, but in saying that, does not mean that the defendant is liable or should be liable for 50% of his earned income through Unicor while incarcerated for it is not like the defendant is earning a sum of 4-600 dollars a week or every two weeks and can afford to pay that type of money for in this matter, that is not such.

Mr.Hemphill understands the importance of the restitution ordered but am asking the courts to use its discretion whcn determintng the amount to which he is to pay while employed through Unicor. Mr.Hemphill is asking that this honorable court deal with him in a justly manner, and establish a reasonable payment plan just as the courts have done in his codefendants situation. Moreover, Mr.Hemphills situation can be distinguished from that of his codefendants, whereas, the defendant is still incarcerated and his codefendants have been released, due to the completion of their sentences. Mr.Hemphill is aware, that upon release, one is ordered to pay a sum of $10.00 a month commencing thirty days after a defendants release from prison. Moreover, the

2

court will review a defendants ability to make payments toward restitution from time to time upon the recommendation of defendants probation officer or upon defendants motion for review and reconsideration. In the defendants present motion, he is asking the courts to reconsider the order saying that he is obligated to pay 50% of his earnings while employed through unicor for it is an unreasonable, unjust amount to pay considering the fact, that his codefendants have not been ordered to do the same and they are employed through jobs in society to which pay more than that in which the defendants earns through Unicor. Mr.Hemphill, believes that he has had an unfair and unjust burden placed upon him, and am asking the courts to reconsider its descision and apply its discretion towards establishing a payment plan while employed through Unicor.

If possible, petitioner will contribute 25% of hes earnings monthly toward the payment of his restitution while employed through Unicor, whereas, this wil be a fair an accurate portion to pay, considering his codefendants are making more and paying less than 50% of their earnings while being payed on a weekly basis. As such, Mr.Hemphill is asking this court to use its discretion and set forth a payment plan, to which he is to pay while employed in Unicor, one which is just and fair and is within the realms of the percentage to which his codefendants are paying while in society. In closing, Mr.Hemphill still maintains his innoncence and will continue to make payments on the fine imposed, untill his case is overturned.

**WHEREFORE**, for the reasons stated above, I am asking this court to

reconsider the payment of 50% which is to deducted from an inmates check, while employed in Unicor and establish one which is just and fair, one which is of a lower percentage or in other terms, reasonable to the extent, that it doesn't conflict with the fairness of his codefendants payments, to which they are responsible for paying while out in society.

RESPECTFULLY SUBMITTED

/s/ *[signature]* #03429-061

STANSON HEMPHILL #03429-061

F.C.I. MANCHESTER

P.O. BOX 4000

MANCHESTER, KENTUCKY

40962

4