UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. CR-1-01-039 (2) |
| | : | |
| | : | Chief Judge  Beckwith |
| vs. | : | |
| | : | |
| | : | UNITED STATES' RESPONSE |
| STANSON R. HEMPHILL | : | TO DEFENDANT'S MOTION TO |
| | : | ESTABLISH MONTHLY PAYMENT |
| | : | PLAN WHILE EMPLOYED THROUGH |
| | : | THE UNICOR DEPARTMENT |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

In defendant Stanson R. Hemphill's motion, he asserts his restitution payment schedule is unfairly disproportionate to his co-defendants.[1]  He claims the 50% deduction from his monthly pay while employed in a Grade 1-4 Unicor job is unjust.  He has asked that this court amend the deduction from his monthly pay to 25% of his earnings to be consistent with the restitution payment schedules of his co-defendants who are no longer incarcerated.

Defendant's Motion must be denied for two reasons.  First this Court has ordered joint and several liability for restitution.  Second, Defendant has provided no evidence of a material change in his economic circumstances that might affect his ability to pay pursuant to the payment schedule already imposed by this Court.

_____

[1]  As of October 4, 2007, records maintained by the Clerk of Courts indicate that Mr. Hemphill has paid $1,273.17 towards restitution.  Co-defendant Richard Depew has paid $1,223.00.  Co-defendant Doug Brown has paid $719.00.

## MEMORANDUM

On October 17, 2001, a jury convicted the Defendant of Conspiracy to Commit Bank Robbery, Bank Robbery, and Brandishing a Firearm During and in Relation to a Crime of Violence. (R.70 Jury Verdict). On January 29, 2002, this Court sentenced Defendant to imprisonment for a total of One Hundred Seventy One (171) months followed by a total of five (5) years of supervised release. (R.87, Minutes) The court further ordered Defendant to pay a $300 special assessment and restitution in the amount of $27,400. This Court imposed joint and several liability for restitution.

A.    **Joint and Several Liability for Restitution**

Defendant was ordered to pay restitution pursuant to the Mandatory Victim Restitution Act of 1996 ("the MVRA") which became effective on April 24, 1996. Pursuant to ("MVRA"), 18 U.S.C. §3664(h), et seq., courts have the authority to apportion liability among co-defendants or require joint and several liability for restitution. This Court stated in its Order as to Defendant's Motion to allocate the restitution and to establish a payment schedule, "as a general policy, that imposition of joint and several liability among co-defendants is the best way to ensure payment of restitution to innocent victims. Where defendants are equally culpable, none should be exempt from the potential burden of making full restitution." (R.103, Order).

Evidence adduced at trial overwhelmingly supported a finding that the Defendant was equally culpable. Thus, he should not be exempt from the potential burden of making full restitution. (Id.) The notion that his co-defendants are not paying their fair share is immaterial and should not be given any consideration. Defendant contends that his restitution pay schedule should be reduced to become consistent with the payment obligations maintained by his co-

-2-

defendant's who are no longer incarcerated. We disagree. To grant such a reduction would undermine the purpose behind the Inmate Financial Responsibility Program (IFRP).

The IFRP "'serves a valid penological objective of rehabilitation by facilitating repayment of debts," and "is fully consistent with the Bureau of Prisons' authorization...'" Durham v. Hood, 140 Fed.Appx. 783,785 (10th Cir. 2005)(unpublished), (attached as Exhibit A), quoting Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2nd Cir. 1990), per curiam. If defendant does not wish to pay his obligations in accordance with the IFRP, he has the right to refuse to further participate. However, *he* should suffer the consequences of such refusal. He should not be permitted the luxury of a higher paying assignment without the accompanying obligation to pay his victims based upon that assignment.

B.    **Material change in economic circumstances**

Pursuant to 18 U.S.C. §3664(k), only a material change in Defendant's economic circumstances justifies a modification of a restitution order. 18 U.S.C.A. § 3664(k) (West 2000). The material change must be communicated to the Attorney General and the victims before the Court can consider any modification. *Id.* Defendant bears the burden of proving that his circumstances have changed enough to justify a modification of the restitution order. Hinton v. United States, 2003 WL 21854935 (D.D.C. August 5, 2003), (attached as Exhibit B). Here, the Defendant argues that he is deserving of a reduction in his restitution payment schedule because his co-defendants are no longer incarcerated and that their restitution payment obligation is $10 a month to commence thirty (30) days after their release from prison. The Defendant fails to articulate any changes in his economic circumstances. Defendant's Motion does not support the showing of a material change in his economic circumstances; therefore, Defendant's Motion must be denied.

-3-

For the reasons stated below, the United States respectfully requests that defendant's motion to establish monthly payment plan while employed through the Unicor Department be denied.

## IV. CONCLUSION

**WHEREFORE,** for the reasons stated herein above, the defendant's motion to establish restitution payment schedule should be denied.

Respectfully submitted,

**GREGORY G. LOCKHART**
**United States Attorney**

*/s/  Anthony Springer*
**ANTHONY SPRINGER  #0067716**
**Deputy Criminal Chief**
**Atrium Two - Suite 400**
**221 East Fourth Street**
**Cincinnati, Ohio 45202**
**(513) 684-3711**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Stanson R. Hemphill # 03429-061, U.S.P. - Big Sandy, P.O. Box 2068, Inez, KY 41224 by regular U.S. Mail, on the 5th day of October, 2007.

*/s/  Anthony Springer*
**ANTHONY SPRINGER  #0067716**
**Deputy Criminal Chief**