Westlaw.

140 Fed.Appx. 783
140 Fed.Appx. 783, 2005 WL 1694052 (C.A.10 (Colo.))
**(Cite as: 140 Fed.Appx. 783)**

Page 1

C
Durham v. Hood
C.A.10 (Colo.),2005.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)
United States Court of Appeals,Tenth Circuit.
Jeffrey Scott DURHAM, Petitioner-Appellant,
v.
Robert A. HOOD, Respondent-Appellee.
No. 05-1074.

July 21, 2005.

**Background:** Convicted defendant petitioned for a writ of habeas corpus. The United States District Court for the District of Colorado denied relief, and defendant appealed.

**Holding:** The Court of Appeals, Tymkovich, Circuit Judge, held that the United States Bureau of Prisons (BOP) did not exceed its constitutional authority or violate separation of powers principles by setting a payment schedule for the inmate in connection with court-ordered restitution.

Affirmed.
West Headnotes
**[1] Habeas Corpus 197** ⟶285.1

197 Habeas Corpus
    197I In General
        197I(C) Existence and Exhaustion of Other Remedies
            197k285 Post-Conviction Motions or Proceedings
                197k285.1 k. In General. Most Cited Cases
Court lacked jurisdiction to entertain inmate's habeas challenge to an alleged delegation of judicial authority by a sentencing court to the United States Bureau of Prisons (BOP); such a claim would have to be made on a motion to vacate sentence filed in the district court that sentenced him.

18 U.S.C.A. § 3664; 28 U.S.C.A. §§ 2241, 2255.

**[2] Constitutional Law 92** ⟶2625(1)

92 Constitutional Law
    92XX Separation of Powers
        92XX(D) Executive Powers and Functions
            92k2622 Encroachment on Judiciary
                92k2625 Executive Exercise of Statutory Authority as Encroaching on Judiciary
                    92k2625(1) k. In General. Most Cited Cases
    (Formerly 92k80(1))

**Convicts 98** ⟶3

98 Convicts
    98k3 k. Property and Conveyances. Most Cited Cases
United States Bureau of Prisons (BOP) did not exceed its constitutional authority or violate separation of powers principles by setting a payment schedule for an inmate in connection with court-ordered restitution pursuant to the Inmate Financial Responsibility Program (IFRP); the IFRP served a valid penological objective of rehabilitation by facilitating repayment of debts, and was fully consistent with the BOP's authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation. 28 C.F.R. §§ 545.10, 545.11.

*784 Jeffrey Scott Durham, United States Penitentiary, ADX, Florence, CO, for Petitioner-Appellant.

Before KELLY, O'BRIEN, and TYMKOVICH, Circuit Judges.[FN*]

> FN* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Ex. A.*

https://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=Split...   10/3/2007

140 Fed.Appx. 783  
140 Fed.Appx. 783, 2005 WL 1694052 (C.A.10 (Colo.))  
**(Cite as: 140 Fed.Appx. 783)**

Page 2

> FN** This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.TYMKOVICH, Circuit Judge.

**1 Appellant Jeffrey Scott Durham, a federal prisoner appearing pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, we affirm the district court's order.

[1] Durham is currently in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. In his § 2241 petition, filed in the United States District for the District of Colorado, Durham challenges the BOP's use of the Inmate Financial Responsibility Program (IFRP), which requires him to pay court-ordered restitution pursuant to the sentencing judgment of the United States District Court for the Northern District of Florida-the district in which Durham was tried and convicted. Because Durham is proceeding pro se, we construe his petition liberally. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Durham's petition can be read to make out two distinct claims. First, Durham apparently challenges the delegation of judicial authority by the sentencing court to the BOP. He cites extensively to our decision in *United States v. Overholt,* 307 F.3d 1231 (10th Cir.2002), which holds that 18 U.S.C. § 3664 prohibits a sentencing court from delegating to the BOP the task of establishing a payment schedule for the payment of court-ordered restitution. *Id.* at 1255-56. However, as noted by the district court, we lack jurisdiction to entertain a claim of judicial delegation. This is because such a claim implicates the validity of Durham's sentence, and Durham can only attack the validity of his sentence through a 28 U.S.C. § 2255 petition filed in the district court that sentenced him. *See Bradshaw v. Story,* 86 F.3d 164, 166-67 (10th Cir.1996) (holding that a petition under § 2241 attacks the execution of a sentence,*785 while a § 2255 petition attacks the validity of a judgment and sentence); *see also Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir.2002) (dismissing delegation claim brought under § 2241). Thus, if Durham is to make an improper delegation claim, he must do so through a § 2255 petition filed in the Northern District of Florida.

[2] Second, Durham's petition can also be read to challenge the IFRP's constitutionality; namely, that the BOP lacks the constitutional authority to establish payment amounts that Durham must follow in connection with the court-ordered restitution.[FN1] The essence of this claim is that decisions such as the amount and timing of IFRP payments constitute core judicial functions under Article III, and therefore a district court cannot delegate those functions without violating separation of powers.

> FN1. Because this claim attacks the execution of Durham's sentence, it is properly raised in a § 2241 petition. *See Matheny,* 307 F.3d at 711-12; *Phillips v. Booker,* 76 F.Supp.2d 1183, 1192 (D.Kan.1999).

The IFRP, set forth in 28 C.F.R. §§ 545.10 and 545.11, requires participating inmates to commit a percentage of their prison employment earnings toward the payment of court-ordered restitution. Its constitutionality has been considered and upheld by other circuits. *See McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999) (noting that the IFRP "has been uniformly upheld against constitutional attack"); *Dorman v. Thornburgh,* 955 F.2d 57, 58-59 (D.C.Cir.1992) (holding IFRP does not deprive inmates of constitutional rights to due process); *Johnpoll v. Thornburgh,* 898 F.2d 849, 851 (2d Cir.1990) (per curiam) (holding BOP did not exceed its authority in establishing IFRP and that the program does not violate due process); *see also United States v. Williams,* 996 F.2d 231, 234 (10th Cir.1993) (acknowledging constitutionality of the IFRP).

**2 We agree with the other courts that have considered these issues. The BOP does not exceed its

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

140 Fed.Appx. 783
140 Fed.Appx. 783, 2005 WL 1694052 (C.A.10 (Colo.))
**(Cite as: 140 Fed.Appx. 783)**

Page 3

authority by setting a payment schedule for inmates such as Durham. As noted by the Second Circuit, the IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts," and "is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *Johnpoll,* 898 F.2d at 851. Nor do we believe, on this record, that the district court violated separation of powers principles by improperly delegating Article III functions to the BOP. Durham has simply not shown any indication that the district court delegated any core judicial functions. *Accord Montano-Figueroa v. Crabtree,* 162 F.3d 548, 550 (9th Cir.1998) (holding IFRP is neither a usurpation of sentencing court's Article III power nor violation of separation of powers doctrine); *Mujahid v. Crabtree,* 999 F.Supp. 1398, 1402-04 (D.Or.1998) (to the same effect).

Of course, Durham is free to not participate in the IFRP if he so chooses. Although his refusal to participate is not without consequences, *see* 28 C.F.R. § 545.11(d), the benefits that can be denied are not constitutionally guaranteed. *See, e.g., James v. Quinlan,* 866 F.2d 627, 629-30 (3d Cir.1989) (inmates do not possess a liberty or property interest in prison job assignments).

Accordingly, the district court's order dismissing Durham's § 2241 petition is AFFIRMED. Durham's motion to proceed in forma pauperis is GRANTED.

C.A.10 (Colo.),2005.
Durham v. Hood
140 Fed.Appx. 783, 2005 WL 1694052 (C.A.10 (Colo.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.