Westlaw.

Not Reported in F.Supp.2d                                                                                             Page 1
Not Reported in F.Supp.2d, 2003 WL 21854935 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Hinton v. U.S.
D.D.C.,2003.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
Kenneth A. HINTON, Petitioner,
v.
UNITED STATES of America, Respondent.
**No. 99-211 (RMU).**
**Civil Action No. 01-1508(RMU).**

Aug. 5, 2003.

Judith Kozlowski, Special Proceedings Section, Washington, DC, for Assistant United States Attorney.
Kenneth A. Hinton, Lisbon, OH, Pro Se Petitioner.

RICARDO M. URBINAM, District Judge.

### I. INTRODUCTION

*1 On April 30, 2000 a jury convicted petitioner Kenneth Hinton of bank fraud and related crimes. The court subsequently sentenced the petitioner to imprisonment for up to six years, a fine and restitution. This matter is now before the court on the now-*pro se* petitioner's motions for post-conviction relief filed pursuant to 28 U.S.C § 2255 and 18 U.S.C. § 3664(k). The United States opposes the petitioner's motions on the grounds that the D.C. Circuit has already addressed many of the petitioner's claims on appeal, and those which it did not address are unsupported by evidence and law. Pursuant to section 2255, the petitioner makes four evidentiary arguments and an ineffective assistance of counsel argument. The D.C. Circuit already denied three of the petitioner's evidentiary arguments, the fourth evidentiary argument suffers procedural default, and the petitioner fails to satisfy the burden required to prevail on his ineffective assistance of counsel argument. Consequently, the court denies the petitioner's motion for relief pursuant to section 2255. The court denies without prejudice the petitioner's motions pursuant to section 3664 for modi-

fications to the restitution order because the petitioner fails to demonstrate the requisite change in circumstances.

### II. BACKGROUND

Before his conviction, the petitioner worked as a legal assistant at the law firm Shaw, Pittman, Potts & Trowbridge LLP ("Shaw Pittman").*United States v. Hinton,* 12 Fed. Appx. 11, 11 (D.C.Cir.2001). While working at Shaw Pittman, the petitioner stole checks from several of the firm's attorneys and used the stolen checks to deposit funds into various bank accounts he had previously opened using stolen identities. *Id.* On April 30, 2000, a jury found the petitioner guilty of eight counts of bank fraud, interstate transportation of stolen checks, second-degree burglary, and first-degree theft. On July 5, 2000, this court sentenced him to concurrent terms of imprisonment for 37 months on Counts I through VI of the indictment and two to six years on Counts VII and VIII. J. at 2.

The D.C. Circuit affirmed the petitioner's conviction and sentence on May 25, 2001. *Hinton,* 12 Fed. Appx. at 11. Subsequently, the petitioner filed a motion ("first motion") to vacate his sentence pursuant to section 2255. On March 1, 2002, the petitioner filed another motion ("second motion"), asking the court to amend the restitution order pursuant to section 3664(k). On November 25, 2002, the petitioner filed yet another motion ("third motion"), again asking the court to amend the restitution order pursuant to section 3664(k). The court now turns to the appropriate legal standards and the substance of the motions.

### III. ANALYSIS

#### A. The Court Denies the Petitioner's Habeas Motions

In his section 2255 motion, the petitioner asks the court to vacate his sentence on multiple grounds. *See generally* Pet.'s 1st Mot.; Pet.'s Reply. After setting forth the relevant legal standard, the court

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. B.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 21854935 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

addresses the petitioner's three grounds for relief that the D.C. Circuit previously rejected. Next, the court addresses the petitioner's ineffective assistance of counsel claim. Finally, the court resolves an argument in the petitioner's reply that the petitioner failed to raise in his appeal.

### 1. Legal Standard for Habeas Review

*2 When a court imposes a sentence in violation of the Constitution or laws of the United States, without jurisdiction, in excess of the maximum sentence authorized by law, or otherwise subject to collateral attack, a federal prisoner may move the sentencing court to vacate, set aside, or correct her sentence. 28 U.S.C. § 2255. Habeas review is an extraordinary remedy that petitioners may not use in place of an appeal. *Bousley v. United States,* 523 U.S. 614, 621 (1998). Once an issue has been decided on direct appeal, the petitioner may not raise the issue pursuant to section 2255 unless there has been an intervening change in the law. *United States v. Green,* 834 F.2d 1067, 1070 (D.C.Cir.1987). Furthermore, when a claim suffers procedural default because the petitioner failed to raise it on appeal, the petitioner may only raise her claim pursuant to section 2255 if she can show cause and prejudice. *Massaro v. United States,* 123 S.Ct. 1690, 1693 (2003). To show cause and prejudice, the petitioner must (1) demonstrate good cause for her failure to raise the issue on appeal, and (2) show that the issue she is raising caused actual prejudice. *Bousley,* 523 U.S at 622; *United States v. Kleinbart,* 27 F.3d 586, 590 (D.C.Cir.1994). The procedural default rule does not apply to claims of ineffective assistance of counsel. *Massaro,* 123 S.Ct. at 1693-94.

### 2. The Petitioner's Previously Raised Arguments

The petitioner seeks habeas relief based on three arguments, each of which the D.C. Circuit previously rejected: (1) that suggestive viewings of a photograph of the petitioner prior to the trial "irrevocably tainted" the in-court identification of him; (2) that the court admitted evidence of prior bad acts in violation of Federal Rule of Evidence 404(b); and (3) that the court used evidence not submitted to the jury in sentencing the petitioner, in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Pet.'s Mem. in Support of Pet.'s 1st Mot. ("Pet.'s Mem.") at 4-5. As noted, in May 2001, the D.C. Circuit reviewed and denied the petitioner's appeal, which included these three arguments. *Hinton,* 12 Fed. Appx. at 11-12. Therefore, the petitioner may raise these arguments only if the relevant law has changed since the May 2001 appellate decision. *Green,* 834 F.2d at 1070. The petitioner does not demonstrate any intervening changes in the law, and the court has uncovered no such changes in its own review of the law. *Hinton,* 12 Fed. Appx. at 11-12 (relying on *Kotteakos v. United States,* 328 U.S. 750, 776 (1946); *Chapman v. California,* 386 U.S. 18, 24 (1967); *Neder v. United States,* 527 U.S. 1, 18 (1999); *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000); *In re Sealed Case,* 2001 WL 409116, at *1-3 (D.C.Cir. Apr. 24, 2001), in ruling on the issues relevant to this opinion). Consequently, the petitioner's in-court identification, Rule 404(b), and *Apprendi* arguments do not merit habeas relief. *Green,* 834 F.2d at 1071.

### 3. The Petitioner's Ineffective Assistance of Counsel Argument

*3 The court now turns to the petitioner's ineffective assistance of counsel argument. The Supreme Court has defined a two-part test for an ineffective assistance claim: the petitioner must show that counsel's actions were not supported by a "reasonable strategy" and that "the error was prejudicial." *Massaro,* 123 S.Ct. at 1694 (citing *Strickland v. Washington,* 466 U.S 668 (1984)). To prevail on a claim of ineffective assistance that alleges a deficiency in attorney performance, a petitioner must "affirmatively prove" prejudice. *Strickland,* 466 U.S at 693, 697. A showing of prejudice requires the petitioner to demonstrate that, considering the totality of the evidence, "the decision reached [at the proceeding] would reasonably likely have been different absent the errors." *Strickland,* 466 U.S at 695-96.

As background for his claims, the petitioner states

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                              Page 3
Not Reported in F.Supp.2d, 2003 WL 21854935 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

that during his 1996-1997 investigating of Congressman Gary Condit, he learned of the Congressman's affair with Lisa Stasi, who later became the petitioner's fiancée. Pet.'s Reply at 3. The petitioner argues that Congressman Condit conducted surveillance on the petitioner, Ms. Stasi, and her friend, Rashawn Jackson, from 1997-2000. *Id.* He adds that because he refused the congressman's request that he sign an affidavit stating he had never seen Ms. Stasi with the congressman, the congressman threatened the petitioner on September 29, 1998.FN1*Id.* This threat allegedly intimidated the petitioner's alibi witnesses. *Id.*

> FN1. The petitioner never explains why Congressman Condit would have threatened the petitioner or his witnesses regarding their possible testimony when the evidence in the petitioner's criminal case appears to be wholly unrelated to Congressman Condit.

The petitioner bases his ineffective assistance of counsel claim on an assertion that his counsel neglected to elicit testimony from Ms. Stasi and Ms. Jackson, who were with him on the night of September 29, 1998-the same night that he unlawfully entered the Shaw Pittman offices and committed a burglary. Pet.'s 1st Mot. at 4; Pet.'s Reply at 2-3; Jury Verdict Form at 6. The petitioner also states that Ms. Stasi and Ms. Jackson would have provided him an alibi for the night of September 29, 1998, but were too scared to testify because they believed Congressman Condit would retaliate against them if they testified. Pet.'s Reply at 3. The petitioner provides no declaration from Ms. Stasi, and provides an unsigned typed declaration from Ms. Jackson wherein she allegedly states that she was with the petitioner on September 29, 1998, but fails to make any mention of Congressman Condit or any fear of testifying.*Id.* Ex. B.

Considering whether the alleged error to call the alibi witnesses was prejudicial, the court recognizes that in affirming the defendant's conviction and sentence, the D.C. Circuit stated that the entire body of evidence against the petitioner is overwhelming. *Hinton,* 12 Fed. Appx. at 11. One of the objections the D.C. Circuit evaluated involved a security guard identifying the petitioner as being present at Shaw Pittman on September 29, 1998, the same night for which the petitioner allegedly has an alibi. *Hinton,* 12 Fed. Appx. at 11; Pet.'s Reply at 5. Evaluating the petitioner's evidentiary objections and allegations that the court erred, the D.C. Circuit determined that "[i]n light of [the] evidence presented at trial, it is clear that any error had no 'substantial or injurious effect or influence in determining the jury's verdict.' " *Hinton,* 12 Fed. Appx. at 12. Thus, even if counsel did err, the petitioner's unsupported allegations fail to prove that, considering all of the evidence, "the decision reached [by the jury] would reasonably likely have been different absent the errors." *Strickland,* 466 U.S at 695-96;*see also United States v. Hubbard,* 22 F.3d 1410, 1422 (7th Cir.1994) (concluding that the overwhelming evidence against Hubbard prevented him from meeting the high prejudice standard of *Strickland* ).

*4 Furthermore, the Jury Verdict Form demonstrates that any error by counsel would not have changed the verdict. The jury found the petitioner guilty of one count of burglary because he knowingly, unlawfully, and willfully entered the offices of Shaw Pittman with the intent to steal property on 19 different dates between June 7 and September 29, 1998. Jury Verdict Form at 5-6; J. at 1. The jury's specific findings for the burglary charge included four clusters of dates organized according to month. Jury Verdict Form at 6. The September cluster includes September 1, 8, 27, 28, and 29, and the jury checked "guilty" for this cluster as well as the other three. *Id.* Thus, even if the alleged alibi witnesses could have convinced the jury to find "not guilty" for the September cluster, the defendant would still be guilty of the burglary count pursuant to the other three clusters of dates, and his conviction would remain the same. *Strickland,* 466 U.S at 695-96.

Because the petitioner has failed to demonstrate prejudice, the court denies his request for habeas relief due to ineffective assistance of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 4
Not Reported in F.Supp.2d, 2003 WL 21854935 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

*Strickland,* 466 U.S at 691, 693.

### 4. The Petitioner's New Evidentiary Argument

The petitioner explains that due to the alleged harassment, he did not disclose his knowledge about Congressman Condit's extramarital affairs until after his April 3, 2000 conviction. Pet.'s Reply at 4. Whether the petitioner attempts to raise this harassment argument as an independent ground for habeas relief, or simply in support of his ineffective assistance of counsel argument, is unclear. *Id.* at 3-4.Regardless, because the petitioner did not raise this harassment argument in his appeal, it is "procedurally defaulted." *Massaro,* 123 S.Ct. at 1693. A petitioner may only raise "procedurally defaulted" claims if he demonstrates both good cause for his failure to raise the issues on appeal and that the alleged error or failure to act prejudiced him at trial. *Id.* The petitioner did not even attempt to demonstrate good cause for his failure to raise this harassment issue on appeal. Therefore, the court declines to hear these new claims. *Bousley,* 523 U.S at 621.

### B. The Court Denies Without Prejudice the Petitioner's Motions for Modification of the Restitution Order

Pursuant to section 3664(k), the petitioner moves the court to amend the restitution order it issued when it sentenced the petitioner. The petitioner filed two such motions that provide different bases for relief. The court first sets forth the relevant legal standard and then explains why neither motion provides evidence sufficient to warrant the requested relief.

### 1. Legal Standard for Modification of a Restitution Order

The court may modify its restitution order after the petitioner notifies it of a material change in the petitioner's economic circumstances. 18 U.S.C. § 3664(k). The petitioner bears the burden of proving that his circumstances have changed enough to warrant such a modification. *United States v. Hill,* 1999 WL 801543, at *1 (6th Cir. Sept. 28, 1999). Indigence at the time of sentencing or as a result of incarceration, however, is not grounds for modification of a restitution order. *United States v. Wolfe,* 10 Fed. Appx. 249, 250 (6th Cir.2001).

### 2. The Petitioner's Arguments Lack Merit

*5 The petitioner asks the court to modify his restitution order pursuant to section 3664(k) for two separate reasons: (1) he is indigent as a result of being in prison and so cannot afford the payments, and (2) his ex-wife is suffering financial difficulties. Pet.'s 2d Mot. at 1; Pet.'s 3d Mot. at 1. To support his argument that he is indigent as a result of being in prison, the petitioner provides the court with an accounting of his prison income. Pet.'s 2d Mot. Ex. B. The petitioner's in-prison account statement may establish that he has very few assets in his prison-run account, but it does not address the existence of any assets he may have in other accounts or locations. Because the petitioner's evidence does not demonstrate that his allegations are true, the petitioner has not met his burden of demonstrating that his circumstances have changed enough to warrant this modification of the restitution order. *Hill,* 1999 WL 801543, *1. Moreover, indigence as a result of incarceration is not grounds for such a modification. *Wolfe,* 10 Fed. Appx. at 250.

The petitioner also argues that his ex-wife is having financial difficulties and asks the court to release the lien on their jointly-owned home so that she can refinance it. Pet.'s 3d Mot. at 2. According to the petitioner, this lien is a result of the restitution order. *Id.* The petitioner, however, neglects to provide any evidence regarding his ex-wife's financial situation or the lien. Because the petitioner has not provided the court with evidence that demonstrates the truth of his assertions, the petitioner has not met his burden of demonstrating that his circumstances have changed enough to warrant this modification of the restitution order. *Hill,* 1999 WL 801543, *1.

Although the court does not grant the petitioner's section 3664(k) motions, the court recognizes that the petitioner could, in the future, provide evidence

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 5
Not Reported in F.Supp.2d, 2003 WL 21854935 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

sufficient to support his motions. Consequently, the court denies the petitioner's section 3664(k) motions without prejudice.

For all these reasons, the court denies the petitioner's motion for relief pursuant to section 2255, and denies without prejudice the petitioner's motions for relief pursuant to section 3664. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this ---- day of August, 2003.

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this ---- day of August, 2003, it is

ORDERED that the petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is DENIED; and it is

**FURTHER ORDERED** that the petitioner's motions for relief pursuant to 18 U.S.C. § 3664(k) are DENIED without prejudice.

SO ORDERED.

D.D.C.,2003.
Hinton v. U.S.
Not Reported in F.Supp.2d, 2003 WL 21854935 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.