```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

United States of America,    )
                             )
           Plaintiff,        )   Case No. 1:01-CR-39(2)
                             )
     vs.                     )
                             )
Stanson R. Hemphill,         )
                             )
           Defendant.        )

O R D E R

This matter is before the Court on Defendant Stanson R. Hemphill's motion to establish monthly payment plan while employed through UNICOR department (Doc. No. 127).  For the reasons that follow, Defendant's motion is not well-taken and is **DENIED.**

On January 29, 2002, the Court sentenced the Defendant to a total term of 171 months of imprisonment following his convictions for conspiracy, armed bank robbery, and brandishing a firearm during the commission of a crime of violence.  As part of the sentence, the Court ordered the Defendant to pay restitution of $27,400 to the victim bank.  The Court further ordered that Defendant's restitution obligation was joint and several with co-Defendants Richard Depew and Doug Brown and other unindicted co-conspirators.  Finally, the Court stated that if the Defendant was unable to pay restitution immediately, he could do so through

the Bureau of Prisons Inmate Financial Responsibility Program. See generally Doc. No. 88.

On March 28, 2005, on motion of the Defendant, the Court established a specific schedule for payment of restitution which provided that:

> While incarcerated, the Defendant shall pay quarterly installments of $25.00 if he is working in a non-UNICOR or grade 5 UNICOR job; if he is working in a grade 1-4 UNICOR job, the Defendant shall pay 50% of his monthly pay during the period of incarceration until the fine is paid in full; any balance due upon the commencement of supervision shall be paid in the sum of $10.00 per month, commencing 30 days after Defendant's release from imprisonment. The Court will review Defendant's ability to make payments toward restitution from time to time upon the recommendation of Defendant's probation officer or upon Defendant's motion for review and reconsideration.

Doc. No. 103, at 2.

Defendant now moves the Court to again modify his restitution payment schedule. Defendant asks the Court to amend his payment schedule so that he is only required to pay 25% of his UNICOR earnings toward restitution. Defendant feels that he is unfairly bearing the brunt of paying restitution in comparison with his co-Defendants. The Defendant further believes that it is unjust for him to pay half of his earnings toward restitution while his co-Defendants do not have similar repayment requirements even

though they have been released from prison and have higher paying jobs than him. Presumably, Defendant contends that the Court should reduce his payment obligation because his co-Defendants are not required to pay 50% of their income toward restitution. The Defendant's motion is without merit.

By its terms, joint and several liability means that the Defendant may indeed be required to pay the full amount of restitution without contribution from the other defendants. United States v. Spring, 80 F.3d 1450, 1463 (10th Cir. 1996). Nevertheless, imposing liability jointly and severally is an accepted method of ensuring that the victim is not required to track down several persons in order to be made whole. United States v. Stone, No. 96-5973, 1997 WL 159371, at *2 (6th Cir. Apr. 3, 1997). Therefore, it simply is not inequitable if indeed the bulk of the restitution obligation falls on the Defendant's shoulders.

In any event, according to the government's response, to date, each Defendant in this case has paid a fairly equal share of restitution. The Defendant has paid $1,273.17; Defendant Richard Depew has paid $1,223.00;

Defendant Doug Brown has paid $719.00. Doc. No. 129, at 1. Thus, the record demonstrates that the Defendant has not borne a disproportionate share of the restitution obligation.

Finally, Defendant cites no authority for the proposition that there must be some equitable ratio between his restitution payment obligation and that of his co-defendants. Moreover, as the government correctly argues, the Defendant has identified no change in circumstance which would warrant any further modification of his payment schedule.

Accordingly, Defendant's motion is not well-taken and is **DENIED.**

   **IT IS SO ORDERED.**

Date: October 17, 2007        s/Sandra S. Beckwith
                              Sandra S. Beckwith, Chief Judge
                              United States District Court